Matter of Anonymous 1 (2024 NY Slip Op 01774)

Matter of Anonymous 1

2024 NY Slip Op 01774

Decided on April 02, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 02, 2024

Before: Oing, J.P., Friedman, Gesmer, Shulman, Rodriguez, JJ. 

Index No. 500198/15 Appeal No. 1962 Case No. 2023-03489 

[*1]Anonymous 1, et al., Petitioners, For the Appointment of a Guardian for Anonymous 3, a Person in Need of a Guardian.
In the Matter of Lawrence L. Flynn, Respondent,
ALP, Inc., Nonparty Appellant, Adam Max, Nonparty Respondent.

Schlam Stone & Dolan LLP, New York (Jeffrey M. Eilender of counsel), for appellant.
Goetz Fitzpatrick LLP, New York (Alison Arden Besunder of counsel), for Lawrence L. Flynn, respondent.

Order, Supreme Court, New York County (Lisa A. Sokoloff, J.), entered on or about July 5, 2023, which denied the motion of nonparty appellant ALP, Inc. to compel arbitration, unanimously affirmed, without costs.
In this guardianship proceeding, the appointed guardian of the person in need of a guardian (PING) has filed a petition seeking to discover and recover artwork and other intellectual property created and allegedly owned by the PING from the possession of nonparty ALP, a corporation under the control of the PING's daughter. It is the guardian's position that the PING, who personally created the subject property, is, and has always been, the owner of such property. In response to the petition, ALP moved to compel arbitration of the PING's claim based on the arbitration clause in an "Agency Agreement" between the PING and ALP, which was executed in February 2000 (the 2000 agreement) and was produced to the guardian in this proceeding in 2017.
We affirm the denial of the motion to compel arbitration on the ground that the claim asserted by the guardian on behalf of the PING does not fall within the scope of the arbitration clause in the 2000 agreement. The 2000 agreement provides for a consignment relationship between the PING and ALP, with the PING as consignor of his artwork and ALP as the consignee. While the 2000 agreement assumes the PING's ownership of the consigned artwork, the 2000 agreement is not the basis of the PING's claim of ownership. Moreover, the petition filed on behalf of the PING does not assert any claim for breach of the 2000 agreement. Accordingly, the claim that the guardian asserts on behalf of the PING does not arise from the 2000 agreement and, therefore, that claim does not fall within the scope of the 2000 agreement's arbitration clause, which applies only to "disputes arising out of this Agreement " (emphasis added).[FN1]
We have considered ALP's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 2, 2024

Footnotes

Footnote 1: The arbitration provision of the 2000 agreement reads in its entirety: "All disputes arising out of this Agreement shall be submitted to binding arbitration. The arbitrator's award shall be final and judgment may be entered upon it in a court having jurisdiction thereof." Notably, disputes merely relating to the 2000 agreement are not within the scope of this arbitration provision.